BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SUNSHINE MINING COMPANY SECURITIES ) DOCKET NO. 321
LITIGATION                                )

OPINION AND ORDER
_____

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.
_____

PER CURIAM

This litigation consists of three actions pending in two districts: two in the Southern District of New York and one in the Eastern District of Washington. Each of these actions centers around the activities of the board of directors of Sunshine Mining Company (Sunshine) in connection with attempts by Great Western United Corporation (Great Western) to acquire a sizeable amount of Sunshine common stock.

On March 18, 1977, Great Western notified the New York Stock Exchange that Great Western had acquired a block of Sunshine common stock and that Great Western intended to make a tender offer for additional Sunshine stock. Shortly thereafter, representatives of Great Western apparently met with Sunshine's board of directors to discuss the terms of a tender offer. On March 21, 1977, Great Western filed a report with the Securities and Exchange Commission in which Great Western announced that it intended to make a tender

offer for up to 2 million shares of Sunshine stock at $15.75 per share. Thereafter, on September 19, 1977, Great Western commenced a tender offer for up to 1.25 million shares of Sunshine stock at $14.75 per share. Finally in early October 1977, Great Western and Sunshine reached an agreement providing for, inter alia, the purchase by Great Western of not less than 1.25 million shares of Sunshine stock at $15.00 per share net to shareholders. In addition, three persons connected with Great Western were elected to Sunshine's board of directors.

The complaints in the two New York actions name as defendants Sunshine and the members of its board of directors as of March 1977, and allege that Great Western would have made a tender offer for Sunshine stock at $16.75 per share in March 1977 but for the actions of Sunshine's directors. These two complaints allege that the tender offer price of $16.75 per share would have substantially exceeded the fair market value of Sunshine's stock, and that Sunshine's directors violated their fiduciary duties to Sunshine or its shareholders when the directors declined to approve and recommend Great Western's $16.75 tender offer at the March 1977 meeting. Instead, these complaints allege, the

directors opposed Great Western's tender offer activities for several months. As a result of the directors' activities, it is alleged, Great Western withdrew its offer of $16.75 per share and commenced a tender offer at a lower price per share. In addition to breach of fiduciary duties, plaintiff in one of the New York actions alleges that defendants' conduct constituted a waste of assets, while plaintiffs in the other action allege violations of the federal securities laws, inter alia. One of the New York actions is brought derivatively on behalf of Sunshine and the other is brought as a purported class action on behalf of all persons who have owned Sunshine common stock since Great Western first proposed a tender offer to the management of Sunshine in March 1977.

The complaint in the Washington action involves most of the same factual allegations as those raised in the New York actions concerning the directors' activities in opposing Great Western's tender offer attempts. Like the New York actions, the Washington action names Sunshine and its directors as of March 1977 as defendants. This action is brought under the federal securities laws, inter alia, as a class action on behalf of all persons who owned Sunshine common stock at the time of the allegedly illegal acts of defendants.

All defendants except one director-defendant move the Panel for an order pursuant to 28 U.S.C. §1407 transferring the Washington action to the Southern District of New York for coordinated or consolidated pretrial proceedings with the two actions pending there. Plaintiffs in both New York actions favor transfer of the Washington action to the Southern District of New York. Plaintiff in the Washington action and one director-defendant[1] oppose transfer.

We find that these three actions share factual questions concerning defendants' conduct in connection with Great Western's tender offer activities and that transfer of the Washington action to the Southern District of New York under Section 1407 for coordinated or consolidated pretrial proceedings with the two actions pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The Washington plaintiff argues that the common factual questions involved in this litigation are not sufficiently complex to warrant Section 1407 proceedings. This plaintiff contends that there will be a limited number of witnesses and that discovery will be neither complex nor extensive.

---

[1] This defendant has not offered any arguments in support of his opposition to transfer.

The Washington plaintiff also maintains that transfer to New York would not serve the convenience of many of the parties and potential witnesses in this litigation because few of them reside in the New York area. Finally, plaintiff argues that transfer to New York and participation in coordinated or consolidated pretrial proceedings there would impose serious financial burdens upon him.

We do not find these arguments convincing. On the basis of the record before us, even though only three actions are involved in this litigation, we believe that the common factual questions are complex enough to justify transfer under Section 1407, particularly since all three actions involve the same seven defendants. See In re Ascot Oils, Inc. Securities Litigation, 433 F. Supp. 1118, 1120 (J.P.M.L. 1977). Section 1407 proceedings will prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings and otherwise streamline pretrial efforts. In particular, transfer will avoid conflicting class determinations inasmuch as the Washington action and one of the New York actions have been brought on behalf of overlapping classes.

The Washington plaintiff's concern that transfer of his action to New York might be financially burdensome and

might not serve the convenience of the parties and witnesses is unwarranted. As we stated in In re Nissan Motor Corporation Antitrust Litigation, 385 F. Supp. 1253, 1255 (J.P.M.L. 1974):

> Since a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. See, e.g., Fed. R. Civ. P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. See Manual for Complex Litigation, Part I, Sections 1.90-1.93 (rev. ed. [1977]). And it is most logical to assume that prudent counsel will combine their forces and apportion the workload. In short, one of the purposes of coordinated or consolidated pretrial proceedings is to streamline the efforts of the parties and witnesses, their counsel and the judiciary in order to effectuate an overall savings of costs and a minimum of inconvenience to all concerned.

The Southern District of New York is clearly the most appropriate transferee district. Sunshine's executive offices are located in New York, and therefore most of the relevant documents and many of the key witnesses are located there. In addition, all parties except the Washington plaintiff and one director-defendant prefer the Southern District of New York over any other district. See In re Ascot Oils, Inc. Securities Litigation, supra, 433 F. Supp. at 1120.

IT IS THEREFORE ORDERED that the action listed on the following Schedule A and pending in the Eastern District of Washington be, and the same hereby is, transferred pursuant to 28 U.S.C. §1407 to the Southern District of New York and, with the consent of that court, assigned to the Honorable Whitman Knapp for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

| SCHEDULE A | DOCKET NO. 321 |
|---|---|
| **SOUTHERN DISTRICT OF NEW YORK** | **CIVIL ACTION NO.** |
| Nicholas Maris & Dorothy Maris v. Sunshine Mining Co., et al. | 77Civ.4020 |
| Ethel Berenson v. Irwin P. Underweiser, et al. | 77Civ.4386 |
| **EASTERN DISTRICT OF WASHINGTON** | **CIVIL ACTION NO.** |
| Charles Stolz v. Sunshine Mining Co., et al. | C-77-267 |